**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LORENZO WITCHERD

    Plaintiff.

vs.                                                   CASE NO. 8:04-cv-02296-T-17-EAJ

ANTHONY J. PRINCIPI, SECRETARY
DEPARTMENT OF VETERANS
AFFAIRS, AGENCY

    Defendant.
_____/

**ORDER**

       This case is before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction (Docket No. 14-1) and responses thereto (Docket No. 16 and 18).

**PROCEDURAL HISTORY**

       Following the denial of his Equal Employment Opportunity Commission appeal on July 22, 2004, the Plaintiff, Lorenzo Witcherd, filed a complaint against the Defendant, Anthony J. Principi, Secretary Department of Veterans Affairs, Agency, on October 19, 2004. The complaint alleged that the Defendant violated the due process of law by not following established administrative hiring policies, and that this failure to follow policy was racially discriminatory, violating Title VII of the Civil Rights Act of 1964. The Defendant filed a motion to dismiss for lack of subject matter jurisdiction or in the alternative for summary judgment on April 20, 2005. The Plaintiff filed a response to this motion on May 13, 2005, and again on July 18, 2005.

**STANDARD OF REVIEW**

       Federal Rule of Civil Procedure 12(b)(1) permits the defendant to make a motion to dismiss when there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).

**DISCUSSION**

       The plaintiff's second response, filed on July 18, 2005, violates Local Rule 3.01(b) of the Middle District of Florida, however, in the interest of justice, the Court did examine the second response, and it establishes the Court's authority to hear this case.

       The Equal Employment Opportunity Commission (EEOC) regulations provide a ninety day window, following the issuance of the Commission's final decision on an appeal, for the filing of a civil suit. 29 C.F.R. § 1614.407(c). It is during this window that the United States has

CASE NO. 8:04-cv-02296-T-17-EAJ

consented to waive its sovereign immunity.  The extent of the Court's jurisdiction is limited to the government's consent to be sued.  United States v. Mitchell, 445 U.S. 535, 538 (1980).  In this case, the ninety day window was still open at the time the plaintiff filed suit.  Therefore, sovereign immunity is waived and the Court has the authority to hear this case.

Federal Rule of Civil Procedure 12(b)(1) permits the defendant to make a motion to dismiss when there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Since the Court has jurisdiction to hear this case, it is

**ORDERED** that the Defendants' motion to dismiss for lack of subject matter jurisdiction (Docket No. 14-1) be **DENIED** and the defendants shall have ten days from this date to answer the complaint.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 21st day of July, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record