# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LORENZO WITCHERD**

      Plaintiff,

vs.                                              **Case No: 8:04-CV-2296-T-17EAJ**

**ANTHONY J. PRINCIPI, Secretary**
**Department of Veterans Affairs Agency**

      Defendant.

_____/

## <u>ORDER</u>

      Pending before the court is Defendant's **Motion to Compel** (Dkt. 25), filed November 7, 2005. In its motion, Defendant requests that the court compel Plaintiff to answer interrogatories, respond to requests for production, and appear for deposition upon oral examination. (Dkt. 25). Defendant also seeks sanctions for the reasonable expenses caused by Plaintiff's failure to respond and failure to appear for his noticed depositions. (Dkt. 25 at 2-3). Under Local Rule 3.01(b), M.D. Fla., and Rule 6(e), Fed.R.Civ.P., Plaintiff's response to Defendant's motion to compel was due on November 25, 2005. As of the date of this order, no response has been filed. Since Plaintiff has failed to respond to Defendant's motion to compel, he is deemed to have no objection to the relief Defendant requests. <u>See</u> Local Rule 3.01(b), M.D. Fla.

      On March 15, 2005, Defendant noticed Plaintiff's deposition for April 19, 2005. Plaintiff failed to appear for that deposition. On September 15, 2005, Defendant noticed Plaintiff's deposition for October 27, 2005. Plaintiff again failed to appear for his deposition. Defendant served interrogatories and requests for production on Plaintiff on September 23, 2005. Defendant did not receive responses during the time allowed and on October 27, 2005, wrote to Plaintiff in a

further effort to obtain responses.

The court reminds Plaintiff that although he is appearing pro se, he is required to comply with court orders, discovery requirements, and all other requirements of the Local Rules, M.D. Fla. and the Federal Rules of Civil Procedure, and his failure to do so could result in sanctions, including dismissal.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigant that ignores discovery orders is subject to sanctions just like any other litigant); see generally Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (pro se representation does not excuse a party from complying with court orders and with the Federal Rules of Civil Procedure); Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994) (same).


It is **ORDERED** and **ADJUDGED**:

(1)     Plaintiff has failed to timely respond to Defendant's motion to compel and therefore is deemed to have no objection to the relief Defendant requests.  See Local Rule 3.01(b), M.D. Fla.  Therefore, Defendant's **Motion to Compel** (Dkt. 25) is **GRANTED**.  Plaintiff shall respond to Defendant's discovery and produce the documents requested and answers to interrogatories within twenty (20) days of the date of this order.  Plaintiff is ordered to appear for a deposition on a mutually agreed-upon date within thirty (30) days of this order.

(2)     Defendant's request for sanctions is **DEFERRED** pending Plaintiff's compliance with this order, subject to reconsideration of a range of sanctions including dismissal of his case.

**DONE** and **ORDERED** in Tampa, Florida this 7th day of December, 2005.


ELIZABETH A JENKINS
United States Magistrate Judge