**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LORENZO WITCHERD,

    Plaintiff,

vs.                                   CASE NO. 8:04-CIV-2296-T-17-EAJ

ANTHONY J. PRINCIPI, etc.,

    Defendant.

_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

      The cause is before the Court on defendant's motion for summary judgment (Docket No. 26). Although given an opportunity to show cause why this motion should not be granted, the plaintiff has failed to come forward with an opposition brief or memorandum. Therefore, the Court will review the motion for summary judgment, to determine if it should be granted, without the benefit of an opposition brief.

      This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v. Southern Railroad Co.**, 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

CASE NO. 8:04-CIV-2296-T-17

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, **against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial**. Id. at 273. (emphasis added)

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex Corp.**, at p. 274. As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D. Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion,"...the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment...The existence of a mere scintilla of evidence will not suffice...(cites omitted) at 810-811.

The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor." **Speciality Malls of Tampa v. The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996). (emphasis added) A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'" **Mize v. Jefferson City Board of Education**, 93 F.3d 739, 743 (11th Cir. 1996)

CASE NO. 8:04-CIV-2296-T-17

In an employment discrimination case, the court must grant the motion for summary judgment if the plaintiff has failed to carry his burden of proof by offering evidence that is "merely colorable, or is not significantly probative." **Earley v. Champion International Corp**., 907 F.2d 1077, 1080 (11th Cir. 1990).  The plaintiff cannot rely on suspicion or conjecture to prove an adverse employment action was motivated by discrimination.  **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242 (1986).  The party opposing a motion for summary judgment cannot meet his burden by making general assertions or legal conclusions.  "Neither frivolous assertions nor unsupported statements nor illusory issues nor mere suspicions will suffice to justify a denial of summary judgment.  The court may disregard evidence that is too incredible to be believed.  The evidence offered by the opposing party must be admissible at trial and must have the force needed to allow a jury to rely on it."  **Hales v. First Appalachian Corp.**, 494 F.Supp. 330, 333 (Ala. N.D. 1980).

The following facts are established in the motion for summary judgment and they are unopposed by "pleadings and by .....affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, [which]' designate 'specific facts showing there is a genuine issue for trial."  **Celotex**.

> 1.  The plaintiff, a GS-5 employee of the United States Department of Veterans Affairs (VA), in April 2002, applied for a promotion to GS-9 Program Analyst.  The Vacancy Announcement, No. MPA-02-38, provided that "Candidates must meet both in-grade restrictions and qualifications requirements.
>
> 2.  The Program Analyst position was in a line of work properly classified at 2-grade intervals.
>
> 3.  The plaintiff had never been employed in a General Schedule position at a grade higher than GS-5 at the time he applied for the Program Analyst position.
>
> 4.  The plaintiff was determined not to be qualified for promotion to the GS-9 Program Analyst position as announced because he failed to satisfy the time-in-grade restrictions at the GS-7 level.
>
> 5.  After exhausting administrative remedies, Plaintiff initiated this case alleging that the

CASE NO. 8:04-CIV-2296-T-17

defendant engaged in racial and ethnic origin discrimination against African American or black employees by failing to consider graduate education as a qualifying factor in filing the GS-9 Program Analyst position.

In order to establish a *prima facie* case of discrimination for failure to promote, the plaintiff must prove that he is a member of a protected class, that he was qualified for the promotion, that he was rejected, and that other equally or less qualified employees who were not members of the protected class were promoted. **Combs v Plantation Patterns**, 106 F3d 1519, 1539 (11th Cir. 1997). The defendant argues, and the Court agrees, that the plaintiff has failed to establish that he was qualified for the position he sought. The plaintiff did not satisfy the time-in grade restriction. Since the plaintiff has failed to establish a *prima facie* case, the Court need not further analyze the matter. Accordingly, it is

**ORDERED** that the motion for summary judgment (Docket No. 26) be **granted** and the Clerk of Court is **directed** to enter judgment for the defendant, to close this case, and to terminate any other pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record